NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0133n.06

No. 20-3795

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| CHRISTINA LITTLER, | ) ) ) | **FILED**<br>Mar 28, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) ) |  |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| OHIO ASSOCIATION OF PUBLIC SCHOOL EMPLOYEES, | ) ) ) |  |
| Defendant-Appellee. | ) ) |  |

Before: WHITE, NALBANDIAN, and READLER, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.**  Christina Littler joined the Ohio Association of Public School Employees (OAPSE) in 2015.  Her membership application provided that the union would be her sole representative in employment negotiations and authorized the union to collect monthly dues from her paycheck.  After the Supreme Court issued its opinion in *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), holding that public sector unions may not collect fees from nonmembers without their express consent, Littler attempted to resign her union membership by email.  OAPSE informed Littler that a handwritten signature was required to effect a valid withdrawal under the terms of the membership agreement, but Littler declined to provide one.  OAPSE did not remove Littler from its list of members subject to paycheck dues deduction, and the district deducted the dues when the dues-collection period began in November 2018.

Littler brought this action, alleging that OAPSE failed to honor her constitutional right to freedom of speech when it continued to deduct dues from her paycheck after she asked to withdraw. OAPSE responded that it was entitled to collect the dues according to Littler's signed membership agreement because Littler never validly withdrew her authorization. The district court granted summary judgment in favor of OAPSE and this appeal followed. We reverse and remand to the district court for further proceedings consistent with this opinion.

## I.

### A.

OAPSE is a public-sector union that represents over 30,000 employees in Ohio, including a bargaining unit of employees of the South-Western City School District (the "District"). Prior to the Supreme Court's decision in *Janus*, most employees in OAPSE-represented bargaining units, including the South-Western City Schools unit, had a choice between joining the union as dues-paying members or remaining non-members, but paying a fair-share fee to defray the cost of OAPSE's collective-bargaining and representational activities. After *Janus*, OAPSE ceased collecting fair-share fees from non-members.

Littler became a substitute bus driver for the District in 2011. Littler did not join OAPSE at that time because she did not believe substitute bus drivers could be union members. Because she was not a union member, Littler paid reduced union fees, also known as fair-share fees, as required at the time under the Collective Bargaining Agreement (CBA). When Littler became a full-time bus driver, she joined OAPSE.[1] On January 16, 2015, Littler signed an OAPSE membership application card. Littler does not recall the circumstances under which she signed the

---

[1] Littler's testimony on her reason for joining OAPSE was inconsistent. At her deposition, she claimed she believed that full-time bus drivers were required to be union members. She also attested that she chose to join and remain a member of the union, if "reluctantly," because the cost of full union membership, as compared to the cost of the fair-share fee, was not worth the loss of her vote and influence in union matters. R. 52, PID 1905.

membership application but does remember that she did not read the membership application when she signed it. The membership application stated, in relevant part:

> I further authorize and direct the Employer to deduct OAPSE State dues and Local dues as set forth herein or as increased from my salary or wages and remit the same to the OAPSE State Treasurer. This authorization shall remain in effect during my employment unless withdrawn by me in the manner provided in the Collective Bargaining Agreement between the Employer and OAPSE or, where there is no provision for withdrawal in the Agreement, only during a 10 day period from August 22 through August 31. I agree that any withdrawal of dues deduction authorization shall be in writing, executed and delivered during the revocation period by written notice served upon the Chief Fiscal Officer of the Employer and the OAPSE State Treasurer. I further agree that dues deduction may not be revoked at any other time or in any other manner except as provided herein.

R. 37-1, PID 1016.[2] OAPSE transmitted Littler's signed membership application to the South-Western City School District, which then deducted membership dues from her paycheck and remitted them to OAPSE in accordance with the CBA.

Under the CBA between OAPSE and the District, OAPSE is required to submit a list of all OAPSE members and the appropriate payroll deduction for each member by October 20 each calendar year. The list must be accompanied by signed membership application cards for all new members, indicating authorization of payroll deduction. Where a union member is listed, but no application card is on file with the District treasurer, the Board of Education treats the individual as a non-member for payroll purposes. Dues are deducted over an eight-month period from November through June 30.

On June 27, 2018, the Supreme Court held that the imposition of mandatory fair-share fees on non-union members by public-sector unions is unconstitutional. *See Janus*, 138 S. Ct. at 2460. In response, OAPSE stopped collecting fair-share fees from non-members.

---

[2] The CBA contains no provisions for withdrawal, so the parties agree that the withdrawal procedures outlined in the membership application are applicable.

On August 22, 2018, Littler sent an email (the "August email") to Gary Martin, the Director of Membership Services for OAPSE, and Hugh Garside, the Treasurer and Chief Fiscal Officer for the District, stating that she was "immediately withdrawing [her] union membership." R. 52-1, PID 1910. Over the next week, Chad Caldwell, an OAPSE representative, called Littler and left several voicemails asking her to contact him and advising that her email attempting to withdraw from the union would not be accepted because it did not contain a handwritten signature.[3] On August 28, 2018, Littler sent another email to Martin and Garside requesting that Caldwell stop calling her. Littler took no other action to effectuate her withdrawal. OAPSE determined that Littler's August email did not constitute a valid withdrawal because it lacked a handwritten signature and notified the District that it should continue to deduct dues from Littler's paycheck.

Dues continued to be deducted from Littler's paycheck when the 2018–2019 dues-deduction period began in November 2018. In February 2019, OAPSE changed its policy for validating member withdrawals and determined that it would begin accepting emailed withdrawal requests that lacked a handwritten signature, provided it was clear that the email originated with the member. OAPSE also decided to retroactively honor requests made during the 2018 withdrawal period that complied with the revised policy. Thus, on February 19, 2019, OAPSE notified Littler that it would honor her August email requesting to withdraw from the union, and sent her a check for dues that had been deducted since August 2018, plus interest. Littler has not cashed the check refunding her dues. OAPSE also instructed the District to stop future deductions from Littler's paychecks.

---

[3] Prior to 2018, OAPSE had interpreted the membership application's requirement that withdrawal be "in writing, executed and delivered" to require that members provide OAPSE with a hard copy of a signed document. In 2018, OAPSE changed its policy and determined that it would accept withdrawals via email so long as the email included an attachment with an original signature.

**B.**

Littler filed this action against OAPSE[4] asserting claims under 42 U.S.C. § 1983, the Declaratory Judgment Act (28 U.S.C. § 2201), and various state-law causes of action relating to the "unlawful seizure of her personal property." R. 1; R. 27, PID 177. Littler brings three claims against OAPSE asserting that OAPSE violated her rights by (1) requiring Ohio public school employees to either join the union or pay fair-share fees prior to *Janus* ("Claim One"), (2) continuing to deduct union dues from Littler's paycheck after receipt of the August email stating her intent to withdraw ("Claim Two"), and (3) continuing to deduct union dues after *Janus* in reliance on membership agreements that were signed pre-*Janus* ("Claim Three"). Littler seeks compensatory damages (reimbursement of all illegally collected fair-share fees and union dues), costs, and attorneys' fees on all claims, as well as various forms of declaratory and injunctive relief relating to OAPSE's collection of dues from its members. Littler also seeks punitive damages on Claim Two as a result of OAPSE's "defiance of [her] instructions to halt the payroll deductions of union dues." R. 27, PID 174.

OAPSE moved for summary judgment on all claims set forth in the Amended Complaint. Littler filed a cross-motion for partial summary judgment on Claims Two and Three, admitting that Claim One was foreclosed by this court's decision in *Lee v. Ohio Education Association*, 951 F.3d 386 (6th Cir. 2020).

Littler offered five arguments in support of her position: (1) the membership agreement does not constitute a valid contract, (2) in the alternative, Littler's August email complied with the terms for withdrawal contained in the membership agreement, (3) the membership agreement is not a valid waiver of constitutional rights under *Janus*, (4) employees may unilaterally rescind

---

[4] Littler originally sued both OAPSE and the District but agreed to dismiss the District from the case.

maintenance-of-dues agreements after union fees are no longer required, and (5) OAPSE was not entitled to condition membership on the surrender of constitutional rights. OAPSE offered four primary arguments supporting its entitlement to summary judgment: (1) Littler's claims are moot, (2) *Janus* did not affect Littler's consent to membership, (3) Littler signed a valid and enforceable contract giving consent to have the District deduct union dues from her paycheck, and (4) OAPSE did not engage in state action.

The district court granted summary judgment to OAPSE on all claims. As an initial matter, the district court granted summary judgment to OAPSE on Claim One, based on Littler's acknowledgement that the claim is foreclosed by *Lee*.[5] After resolving Claim One, the district court determined that the remainder of the case was not moot. It then found that the membership agreement was a valid contract from which Littler did not properly withdraw. The district court also determined that Littler's consent to deduction of dues in the membership agreement was freely given. The district court concluded that these findings precluded Littler's claim that OAPSE's deduction of dues from her paycheck violated her constitutional rights. Finally, the district court determined that Littler's state-law claims were defeated by its conclusion that OAPSE's collection of dues was not wrongful.

## II.

We review a district court's grant of summary judgment de novo. *Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 231 (6th Cir. 2019). Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). This standard of review remains the same for reviewing cross-motions for summary judgment. *U.S. S.E.C. v. Sierra*

---

[5] The merits of the district court's decision on Claim One are not at issue in this appeal.

*Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013). When both parties move for summary judgment below, this Circuit does not assume "the parties consent to resolution of the case on the existing record or that the district court is free to treat the case as if it was submitted for final resolution on a stipulated record." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) (quoting *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 705 (5th Cir. 1985)). A case involving cross-motions for summary judgment requires "evaluat[ing] each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *EMW Women's Surgical Ctr., P.S.C. v. Beshear*, 920 F.3d 421, 425 (6th Cir. 2019) (quoting *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016)).

## A.

As an initial note, neither the district court nor the parties clearly distinguish between the arguments and conclusions applicable to Claim Two versus Claim Three. Littler's brief on appeal states that Claim Three is "essentially redundant" of Claim Two, and for that reason, it treats them "as a single claim on appeal for simplicity and ease of exposition." Appellant's Br. at 13 n.15. Appellee appears to do the same, treating Littler's challenge to the collection of dues post-*Janus* as a single "section 1983 claim." Appellee's Br. at 9. Given that Claims Two and Three are treated interchangeably by the parties, were both brought pursuant to 42 U.S.C. § 1983, and seek damages for the same conduct—the deduction of dues from Littler's paycheck between November 2018 and February 2019—we treat them as a consolidated claim on appeal.

We start by reviewing the district court's mootness determination. OAPSE argues that "Littler's claims for declaratory, injunctive, and compensatory relief are moot, given that OAPSE has tendered her a refund, with interest, of the contested money and has released her from all

obligations to the union." *Id.* at 14. The district court did not address the effect of OAPSE's tendered refund on the viability of Littler's claims for declaratory, injunctive, and compensatory relief because it found that Littler's request for punitive damages on her second claim saved the case from mootness, explaining that "[r]egardless of whether some of Ms. Littler's *remedies* have been mooted, *the case itself* is not moot." *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, No. 2:18-cv-1745, 2020 WL 4038999, at *3 (S.D. Ohio July 17, 2020).

"[A] federal court has no authority to give opinions upon moot questions . . . or to declare . . . rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted). For that reason, "a plaintiff must maintain a personal interest in the dispute at every stage of litigation, including when judgment is entered, and must do so 'separately for each form of relief sought.'" *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021) (citation omitted) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000)). A suit becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "But a case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps.*, 567 U.S. 298, 307 (2012)). So long as the plaintiff has "a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox*, 567 U.S. at 307–08 (quoting *Ellis v. Ry. Clerks*, 446 U.S. 435, 442 (1984)).

Littler's claim for punitive damages remains live and gives her a concrete interest in the outcome of the litigation. OAPSE acknowledges that the change in policy and dues refund cannot moot Littler's claim for punitive damages, but argues that because "Littler has not attempted to

meet the high standard required to merit such damages," the demand for punitive damages should not require the court to reach the merits of Littler's claim. Appellee's Br. at 19–20. OAPSE may well be correct that Littler will be unable to meet the high bar for demonstrating entitlement to punitive damages under 42 U.S.C. § 1983, but the relative merits of a claim are not relevant to a determination of mootness. Thus, the district court was correct to reject OAPSE's mootness argument and consider the case on the merits. Of course, as the district court recognized, certain remedies, such as declaratory and injunctive relief, may be moot although the case survives. *See, e.g.*, *LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 289–90 (3d Cir. 2021) (holding that an employee's post-*Janus* action to enjoin a union from subtracting dues from her paycheck was moot because the union's actions—including processing the employee's resignation and ceasing fee collection—showed there was no reasonable likelihood that the union would try to collect dues from nonmembers like her again).

## B.

This case presents some thorny issues specific to the First Amendment rights of public-sector employees, but the district court's grant of summary judgment to OAPSE was premised, in large part, on the resolution of more straightforward issues of contract interpretation. The district court found that Littler's membership agreement constituted a binding contract under which she was required to pay union dues, and that she did not validly withdraw from that obligation under the terms of the contract.

## 1.

Littler first argues that the membership application she signed in 2015 is not a contract because her authorization for deduction of union dues was not supported by consideration. According to Littler, "the membership application does not describe *anything* that [she] is to

receive in exchange for her supposed promise to continue payroll deductions even after resigning from union membership." Appellant's Br. at 25. The district court resolved this issue by holding that the membership application was not a "completely integrated" contract, that Littler joined OAPSE "at least in part, *because of* the benefits that she knew she would receive, such as the ability to have a say in the union's affairs and to vote on the union contract," and that "the benefits that . . . Littler knew she would receive by signing the [membership agreement] are sufficient consideration to establish that the [membership agreement] is a valid contract." *Littler*, 2020 WL 4038999, at *4.

The district court did not err in finding that the membership agreement constituted a valid contract. As is clear from the face of the document, titled "OAPSE/AFSCME Local 4/AFL-CIO Membership Application," Littler agreed to the deduction of dues from her paycheck in exchange for OAPSE membership itself. R. 37-1, PID 1016. Although the benefits of membership may change from year to year depending on the details of the CBA, the application Littler signed was for membership in the union itself, with the accompanying benefits whatever they may be, not for any specific benefits accruing from that membership. Thus, the consideration supporting contract formation here is the privilege of membership in and of itself. *See Bennett v. Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*, 991 F.3d 724, 727 (7th Cir. 2021). In accepting Littler's application for membership, OAPSE also incurred obligations to Littler. *See* Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(1) (providing, among other requirements, that "[e]very member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings"); *id.* § 412 (providing a private right of action for violations

of union member rights by labor organizations). For that reason, membership in the union, in and of itself, supports a finding of adequate consideration for contract formation.

**2.**

Separately from her argument regarding contract formation, Littler asserts that she did not waive her constitutional rights under *Janus* by submitting the membership application. First, Littler argues that she did not "freely" waive her rights under *Janus* because "[i]f [she] had refused to sign the membership-application form, she would have been subjected to an unconstitutional financial penalty in the form of 'fair-share fees.'" Appellant's Br. at 29–30. Insofar as Littler argues that she did not freely consent to entering into the membership agreement, that argument is not supported by evidence in the record. Littler signed the membership application, authorized OAPSE to deduct union dues from her pay, and agreed to a procedure for withdrawing her membership. As the district court noted, Littler "acknowledge[d] intentionally joining OAPSE because she decided that the benefits of being a member (i.e., having a say in union affairs and being able to vote on the union contract) were worth the dues she would be required to pay." *Littler*, 2020 WL 4038999, at *6 (citing Littler Suppl. Decl. ¶ 5, R. 56-1, PID 2168 ("I also understood that union membership was necessary [to] have any voice or vote in collective-bargaining matters, and that I would not be able to vote on our contract unless I joined the union.")). "That [Littler] had the option of paying less as agency fees pre-*Janus*, or that *Janus* made that lesser amount zero by invalidating agency fees, does not establish coercion." *See Belgau v. Inslee*, 975 F.3d 940, 950 (9th Cir. 2020).

Second, Littler argues that when she joined the union, she "did not execute a 'freely given' waiver of her rights under *Janus* because she was not even aware that she *had* a constitutional right to withhold payments from the union when she signed the membership application." Appellant's

Br. at 31. Even accepting that as true for argument's sake, the right recognized by the Supreme Court in *Janus* did not apply to Littler before her attempt to withdraw her OAPSE membership, nor—as discussed in Section II(B)(3) below—after her attempt to withdraw if that attempt was not effective under the terms of the agreement. When *Janus* was decided, Littler was an OAPSE member. "*Janus* repudiated agency fees imposed on nonmembers, not union dues collected from members . . . ." *Belgau*, 975 F.3d at 944. Littler cannot claim that OAPSE violated her First Amendment rights under *Janus* while she was a union member.

**3.**

Littler also challenges the district court's determination that she did not comply with the requirements for withdrawal from the union. The membership application requires that "any withdrawal of dues deduction authorization shall be in writing, executed and delivered during the revocation period by written notice served upon the Chief Fiscal Officer of the Employer and the OAPSE State Treasurer." R. 37-1, PID 1016. OAPSE argued that it considered the email an invalid withdrawal because it was lacking a handwritten signature, as it informed Littler at the time of her attempted withdrawal. The district court decided this issue on a ground not raised by either party, finding that Littler's failure to demonstrate that she sent the email to the OAPSE treasurer was sufficient to find that she did not satisfy the requirements for withdrawal under the contract. It explained that "[b]ecause it is . . . Littler's motion for summary judgment, it is her burden to prove that she complied with the terms of withdrawal as outlined by" the membership agreement and determined that she did not meet that burden. *Littler*, 2020 WL 4038999, at *4. Littler argues that it was error for the district court to grant summary judgment in favor of OAPSE on this basis, given that OAPSE never raised the issue of email recipients as a basis for claiming that Littler failed to comply with the terms of the membership agreement. OAPSE responds that "Littler was

on notice to muster all evidence in support of her claim that she effectively withdrew her authorization for dues deductions." Appellee's Br. at 37.

Before a court can grant summary judgment "on grounds not raised by a party," the parties must be provided "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f)(2); *see also Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 828–32 (6th Cir. 2013) (discussing Rule 56(f) and reversing the district court's sua sponte grant of summary judgment on alternative grounds). "This rule is important because a district court does not have before it the full factual record developed by the parties in discovery. Rather, a party opposing summary judgment will supply only the evidence needed to demonstrate a genuine dispute as to the issues raised in the motion." *George v. Youngstown State Univ.*, 966 F.3d 446, 467 (6th Cir. 2020). It is not clear that OAPSE ever took the position, during litigation or otherwise, that Littler's email withdrawal was ineffective due to a failure to send the email to the OAPSE treasurer. Thus, it is not surprising that the evidence and argument presented by Littler to the district court did not focus on this issue. Regardless whether Littler herself moved for summary judgment, she was not on notice to submit evidence or argument regarding the recipients of her attempted withdrawal.

Admittedly, it is unlikely Littler would have been able to present evidence that her attempted withdrawal was sent to the OAPSE treasurer, given the absence of such an email address in the email exchanges reflected in the record. However, it is not impossible that such an exchange occurred outside the documents included in the record and deciding the issue without providing Littler an opportunity to present additional evidence was improper. And, even if the withdrawal attempts were never sent to the OAPSE treasurer, it is possible that given the opportunity to present additional evidence, Littler could prove that it was nevertheless received by the treasurer or that such a requirement was waived by OAPSE. *See Sharp v. Andisman*, Nos. 24999, 25002, 2010 WL

3676865, at *7 (Ohio Ct. App. Sept. 22, 2010) (explaining that under Ohio law "performance of a condition precedent may be waived by the party to whom the benefit of the condition runs" (internal quotation marks omitted)). Accordingly, the district court should not have granted summary judgment on this basis absent an opportunity for Littler to respond. *See* Fed. R. Civ. P. 56(f)(2).

Thus, we reverse the grant of summary judgment and remand to the district court with instructions to provide Littler the opportunity to present evidence and argument regarding the requirement that she submit any withdrawal to the OAPSE treasurer.

Separately, we note that the district court declined to address OAPSE's argument that it is not a state actor subject to suit under 42 U.S.C. § 1983, preferring to decide the case on alternative grounds. Although such an approach was within the district court's discretion, given the importance of the issue to the viability of this lawsuit, and the fact-intensive nature of such a determination, the district court should reconsider whether to address this issue on remand.

**III**.

For the foregoing reasons, we REVERSE and REMAND for proceedings consistent with this opinion.